UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| STEVEN WILLARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11 CV 109 |
| | ) | |
| CLARK PERU, | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on plaintiff Steven Willard's motion to remand his case to state court, where he filed his complaint. The complaint alleges that Willard was riding his "motor scooter" when defendant Clark Peru made an improper left turn in front of him, causing Willard to come "into contact" with Peru's vehicle, suffering both personal injury and property damage. Peru removed the suit to this court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1441(a) and 1446. Peru has responded opposing Willard's motion to remand; Willard has filed no reply.

Willard argues that removal of this action was improper for three reasons. First, because Peru did not comply with the procedural requirement of § 1446(a) that he attach to the notice of removal copies of all process, pleadings and orders served on him. Second, that the assertion in the notice that Peru is a citizen of Alaska, presently domiciled there with the intent to remain, is nothing more than a statement made by counsel without any evidentiary support; while property tax records show that Peru

owns real estate in Goshen, Indiana. Third, that Peru has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]

Willard's procedural objection is meritless. The specific documents which he complains were not attached to Peru's notice of removal are an "Appearance and Motion for Extension of Time" filed on March 15, 2011, and a return receipt of summons showing service on February 28, 2011. However, both documents[2] are attached to the notice of removal filed with the court, as exhibits 2 and 3. (DE ##2-2; 2-3). Peru has, therefore, complied with § 1446(a).

As to Willard's substantive objections, because Peru is the removing party and proponent of federal jurisdiction, he has the burden of proving that jurisdiction exists by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Applying this standard, Willard's first substantive objection, going to Peru's citizenship, can also be dispatched quickly. Peru's response to the motion to remand is accompanied by documentation, including an affidavit provided by his daughter, Gina Peru-Friccero. Briefly, she explains that her father has been living with her since November, 2010. He is 87 years old and suffers from a number of serious health conditions, including prostate cancer and chronic obstructive pulmonary disease.

---

[1] Actually, Willard argues that Peru has not shown to a "legal certainty" that more than $75,000 is at stake, citing a 1992 Louisiana district court decision in support. As discussed herein, this is not the standard employed in the Seventh Circuit.

[2] It should be noted that while Willard complains that the return receipt for the summons was not attached, the return receipt would not be process served upon Peru. Peru attached a copy of the summons itself, complying with 28 U.S.C. § 1446(a).

In addition, he is exhibiting signs of dementia. He is unable to care for himself, and unable to travel. Ms. Peru-Friccero will travel to Indiana and convert his former residence into a rental property, pursuant to an existing power of attorney, effective if he is declared disabled, or a new power of attorney will be executed. His tax returns will be filed in Alaska, he has expressed no intention to return to Indiana, and his daughter has no intention of relocating with him to Indiana. Willard has filed nothing in reply to contradict any of these assertions, and, in short, there is a preponderance of evidence establishing that Peru has become a citizen of Alaska.

Willard's final objection, that Peru has not established that more than $75,000 is at stake, is more substantial. As the removing party and proponent of federal jurisdiction, the burden is on Peru to prove that the amount in controversy is sufficient, *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 97 (1921), doing so by a preponderance of the evidence. *McNutt v. GMAC,* 298 U.S. 178 (1936). Because Indiana does not require (in fact, forbids) a plaintiff to plead a damages amount, a defendant can meet this burden with a good-faith estimate. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). The estimate is in good faith if it is plausible and supported by a preponderance of the evidence. *Id*.

In some cases, the evidence on the amount of damages is within defendant's knowledge. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005), provides a good example: the defendant knew it had sent out 3,800 possibly unlawful faxes, and that a court could award $500 in damages per fax, and then treble damages. *Id*. at 447.

But in other cases, the case presently before the court being a good example, what the plaintiff thinks might be recoverable[3] is known only to plaintiff, and based on the complaint alone, defendant has little or no evidence on which to base an estimate of damages. Thus, the defendant's burden is best described as a pleading requirement, and all defendant need do is provide a plausible explanation for the estimate. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Any burden to actually prove jurisdictional facts arises only after the "allegations of jurisdictional facts are challenged . . . in any appropriate manner." *McNutt*, 298 U.S. at 189; *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (estimate of stakes must be "supported by proof of any *contested* jurisdictional facts") (emphasis added); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n.2 (7th Cir. 1993).

In the present case, in response to Willard's motion to remand, Peru explains his estimate that more than $75,000 is in controversy as follows:

> It is therefore upon the nature of the accident alleged by the plaintiff to have caused his injuries, involving two motor vehicles, in motion, and a collision between the same in which the plaintiff himself came into contact with the defendant's vehicle, that the defendant has come to a "reasonable good-faith estimate of the stakes," [citation omitted], which the defendant believes would "plausibl[y]" exceed the $75,000.00 threshold for removal.

(DE # 8 at 7, ¶ 13.) The problem with this explanation, in terms of judging its plausibility, is that Willard doesn't plead in his complaint that his injuries are severe,

---

[3] "[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." *Brill*, 427 F.3d at 449.

permanent or disfiguring, and neither does Peru point to any other evidence showing the injuries are of that nature. For all the court knows from the allegations of the complaint, Willard and his motor scooter might both have suffered only a minor scratch. Under the circumstances, Peru's "estimate" of the stakes amounts to an assertion that every motor vehicle accident involving personal injury satisfies the amount in controversy. This is a presumption the court does not wish to adopt.

Were this all the court had to go on, granting Peru's motion and remanding the case would be a "no-brainer." However, according to Peru, Willard's attorney has refused to stipulate that less than $75,000 is in controversy,[4] an assertion which Willard has not denied. This is, as Peru argues, an indication that Willard may be playing a "cat-and-mouse game," and gives rise to an inference that more than $75,000 may be at stake. *Oshana*, 472 F.3d at 512; *Workman v. UPS, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000).

But even more than this, it appears that rather than having "challenged" or "contested" Peru's jurisdictional allegations in an "appropriate manner," Willard has instead effectively admitted that more than $75,000 is in controversy. In moving to remand, Willard's counsel states that at present the amount of damages are "unknown," but that "at some point the amount in controversy may exceed $75,000." (DE # at 3, ¶¶ 8-9.) The first statement is disingenuous: undoubtedly, counsel formed some opinion as to the amount of his client's damages before deciding to take the case.

---

[4] Although Peru doesn't say so, presumably the request for such a stipulation was made, and refused, before removal, because afterwards it means nothing. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997).

The second statement is more telling. The "amount in controversy" is not the amount a plaintiff will recover, it is the amount, just as the phrase states, "in controversy." *Brill*, 427 F.3d at 448. Agreeing with the removing defendant that "at some point" more than $75,000 might be in controversy amounts to an admission that more than $75,000 *is* the amount in controversy: "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd.*, 637 F.3d at 830.

For these reasons, plaintiff Willard's motion to remand (DE # 7) is **DENIED**.

**SO ORDERED.**

Date: August 9, 2011

       s/James T. Moody
       JUDGE JAMES T. MOODY
       UNITED STATES DISTRICT COURT